EDWARD H. KUBO, JR.      # 2499
United States Attorney
District of Hawaii

MARSHALL H. SILVERBERG    # 5111
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV. NO. 06-00200 HG |
| | ) | CR. NO. 05-00064 HG-01 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OF THE UNITED |
| vs. | ) | STATES IN OPPOSITION TO THE |
| | ) | MOTION TO VACATE SENTENCE IN |
| ANNETTE CARRILLO,    (01) | ) | WANT OF JURISDICTION PER MODEL |
| | ) | FORM FOR MOTIONS UNDER 28 |
| | ) | U.S.C. § 2255; EXHIBITS 1 & 2; |
| Defendant. | ) | CERTIFICATE OF SERVICE |
| | ) | |

**MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO THE
MOTION TO VACATE SENTENCE IN WANT OF JURISDICTION
PER MODEL FORM FOR MOTIONS UNDER 28 U.S.C. § 2255**

On April 14, 2006, Annette Carrillo filed a "Motion to Vacate Sentence in Want of Jurisdiction Per Model Form for Motions Under 28 U.S.C. § 2255."  On April 26, 2006, this Court issued a Minute Order directing the United States to file a response on or before May 17, 2006.  Ms. Carrillo's motion alleges four grounds.  The motion should be denied for the following reasons.

**I.   Background**

On February 9, 2005, Ms. Carrillo was indicted in Cr. No. 05-00064 HG for three counts of distributing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). Ms. Carrillo's arraignment and plea occurred on February 9, 2005. According to the docket sheet, Ms. Carillo received the charges and waived public reading of the Indictment. A plea of not guilty was entered by Ms. Carillo. Docket Sheet, Entry No. 15.

On April 7, 2006, Ms. Carillo entered a plea of guilty to Count One of the Indictment, charging her with knowingly and intentionally distributing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). Ms. Carillo's guilty plea was pursuant to a Memorandum of Plea Agreement (attached hereto as Exhibit 1) which stated in pertinent part:

> 1.   **The defendant acknowledges that she has been charged in the Indictment** with three counts of knowingly and intentionally distributing methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).
>
> 2.   **The defendant has read the charges against her contained in the Indictment**, and those charges have been fully explained to her by her attorney.
>
> 3.   **The defendant fully understands the nature and elements of the crimes with which she has been charged**.
>
> 4.   The defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging her with knowingly and intentionally distributing

>methamphetamine, its salts, isomers, and salts of its
>isomers, a Schedule II controlled substance, on or
>about April 7, 2004, in the District of Hawaii, all in
>violation of Title 21, United States Code Section
>841(a)(1).  In exchange, the United States agrees to
>move to dismiss Counts 2 and 3 at time of sentencing.

Mem. of Plea Agreement, Exh. 1 (emphasis added).

   **II.  Argument**

      **A.  The district court had jurisdiction
           over Ms. Carrillo for the charged offenses.**

Ms. Carrillo's first ground is that the court did not have jurisdiction over her in the criminal case.  In support of that argument, Ms. Carrillo seems to quote a *civil* statute regarding jurisdiction.

In actuality, in this *criminal* case, the court's jurisdiction was based upon 18 U.S.C. § 3231, which provides:

>The district court of the United States shall have
>original jurisdiction, exclusive of the courts of the
>States, **of all offenses against the laws of the United
>States**.

18 U.S.C. § 3231 (emphasis added).  The offenses charged in the Indictment were based upon violations of a "law[] of the United States," that is, Title 21, United States Code, Section 841(a)(1)."  The Indictment specifically cited that law in each count.  In addition, in her Plea Agreement, Ms. Carrillo acknowledged in paragraph one that she had been charged with three counts of violating that law.  In sum, therefore, this Court clearly had jurisdiction over Ms. Carrillo for the charged offenses.  See, e.g., United States v. Holler, 411 F.3d 1061, 1064-65 (9th Cir. 2005) (federal court had jurisdiction over

3

defendant who possessed narcotics with intent to distribute, in violation of 21 U.S.C. § 841(a)(1)).

### B.  Ms. Carrillo, via her counsel, Barry Edwards, received full discovery.

Ms. Carrillo's third ground is that the United States failed to provide discovery.  It is unclear to the government whether Ms. Carrillo is referring to the original "charging document," i.e., the Indictment, or the police reports and other records that were sent to her counsel, Barry Edwards, pursuant to Federal Rule Criminal Procedure 16 and Local Criminal Rule 16.1.

In either event, Ms. Carrillo acknowledged at her arraignment that she had received a copy of the Indictment (see docket sheet, Entry No. 15) and in her Plea Agreement she expressly acknowledged that she had "read the charges contained in the Indictment, and those charges have been fully explained to her by her attorney."  See Plea Agreement, Exh. 1, at ¶ 2.  As to the Rule 16 discovery, Ms. Carrillo's attorney, Barry Edwards, received 105 pages of reports and other evidence, including five videotapes, as reflected in the letters and documents that are attached hereto as Exhibit 2.

In short, the government is not aware of why Ms. Carrillo has made this allegation.

### C.  Ms. Carrillo has been properly incarcerated pursuant to the Judgment.

Ms. Carrillo next claims that the government failed to provide a warrant of commitment/detainer to justify her incarceration.  No detainer was necessary, however, because Ms.

Carrillo was not in state custody at the time of her federal prosecution.  Further, she was allowed to self-surrender pursuant to the Judgment and the mittimus date issued by the Court.  The government does not understand what defect in this process is being complained of by Ms. Carrillo.

### D.   The Indictment was filed with the Court and provided to Ms. Carrillo.

Ms. Carrillo's last ground assumes that no Indictment has been filed.  That assumption is incorrect.  The original Indictment is filed with the Court and Ms. Carrillo received a copy of it as she specifically acknowledged in the Plea Agreement.  This ground, like the three that precede it, also is meritless.

DATED: May 9, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Marshall H. Silverberg
 MARSHALL H. SILVERBERG
 Assistant U.S. Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document was duly served, by placing said copy in the U.S. mail, postage prepaid, addressed as set forth below:

>ANNETTE CARRILLO
>USM # 95357-022
>FCI Dublin
>5765 8th Street Camp Parks
>Dublin, CA  94568
>
>Defendant Pro Se

DATED:  May 10, 2006, at Honolulu, Hawaii.

/s/ Cheri Abing