EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

RONALD G. JOHNSON # 4532
Chief, Violent Crimes Section

MARSHALL H. SILVERBERG # 5111
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: 541-2850

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 07 2005

at 10 o'clock and 36 min. A.M.
WALTER A.Y.H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 05-00064 HG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OF PLEA AGREEMENT |
| | ) | |
| vs. | ) | Date: April 7, 2005 |
| | ) | Time: 10:00 a.m. |
| ANNETTE CARRILLO, (01) | ) | Judge: Hon. Kevin S.C. Chang |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OF PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the UNITED STATES OF AMERICA, by its attorney, the United States Attorney for the District of Hawaii, and the defendant, ANNETTE CARRILLO and her attorney, Barry Edwards, Esq., have agreed upon the following:

1.   The defendant acknowledges that she has been charged in the Indictment with three counts of knowingly and intentionally distributing methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

**EXHIBIT "1"**

2. The defendant has read the charges against her contained in the Indictment, and those charges have been fully explained to her by her attorney.

3. The defendant fully understands the nature and elements of the crimes with which she has been charged.

4. The defendant will enter a voluntary plea of guilty to Count 1 of the Indictment charging her with knowingly and intentionally distributing methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, on or about April 7, 2004, in the District of Hawaii, all in violation of Title 21, United States Code Section 841(a)(1). In exchange, the United States agrees to move to dismiss Counts 2 and 3 at time of sentencing.

5. The defendant agrees that this Memorandum of Plea Agreement shall be filed and become part of the record in this case.

6. The defendant enters this plea because she is in fact guilty of knowingly and intentionally distributing methamphetamine as charged in Count 1, and she agrees that this plea is knowing and voluntary and not the result of force or threats.

7. The defendant understands that the penalties for the offense to which she is pleading guilty include: (a) up to 20 years imprisonment; (b) a fine of up to $250,000; (c) a term of

supervised release of not less than three years and not more than five years; and (d) a $100 special assessment. The defendant agrees to pay $100 to the District Court's Clerk's Office, to be credited to said special assessment, before the commencement of any portion of sentencing. The defendant acknowledges that failure to make such full advance payment in a form and manner acceptable to the prosecution will allow, though not require, the prosecution to withdraw from this agreement at its option.

At the discretion of the Court, defendant may also be denied any or all federal benefits, as that term is defined in 21 USC §862, (a) for up to five years if this is defendant's first conviction of a federal or state offense consisting of the distribution of controlled substances, or (b) for up to ten years if this is defendant's second conviction of a federal or state offense consisting of the distribution of controlled substances. If this is defendant's third or more conviction of a federal or state offense consisting of the distribution of controlled substances, the defendant is permanently ineligible for all federal benefits, as that term is defined in 21 U.S.C. § 862(d).

8. Defendant admits the following facts and agrees that they are not a detailed recitation, but merely an outline of what happened in relation to the charge to which Defendant is pleading guilty:

(a) On or about April 7, 2004, in the District of Hawaii, the defendant knowingly and intentionally distributed two packages containing a total of approximately 2.313 grams of actual d-methamphetamine hydrochloride to an undercover Honolulu Police Department officer in exchange for $950 in cash.

9. Pursuant to CrimLR32.1(a) of the Local Rules of the United States District Court for the District of Hawaii, the parties agree that the charge to which the defendant is pleading guilty adequately reflects the seriousness of the actual offense behavior and that accepting this agreement will not undermine the statutory purposes of sentencing.

10. Pursuant to CrimLR32.1(b) of the Local Rules of the United States District Court for the District of Hawaii and Section 6B1.4 of the Sentencing Guidelines, the parties stipulate to the following for the purpose of the sentencing of the defendant in connection with this matter:

(a) Factual stipulations: The parties agree that the facts set forth above in paragraph eight are incorporated herein by reference.

(b) Offense level stipulations:

(i) The parties agree that although the defendant is pleading guilty only to Count 1 of the Indictment, and although the government will move to dismiss Counts 2 and 3 of the Indictment at time of sentencing, the parties agree that

the defendant also distributed 1.031 grams of actual d-methamphetamine hydrochloride to an undercover police officer on April 10, 2004, and she also distributed 1.425 grams of d-methamphetamine hydrochloride to an undercover police officer on April 15, 2004, with those two distributions being charged in Counts 2 and 3 of the Indictment. The parties further stipulate that those distributions will be included in the calculation of the offense level as relevant conduct. In total, the parties agree that the defendant should be held accountable for the distribution of 5.669 grams of actual d-methamphetamine hydrochloride.

        (ii) Based upon information presently known to the government, the government agrees not to object to a finding by the probation officer in the presentence report or to a finding by the court that the defendant has clearly demonstrated acceptance of responsibility for the offense, entitling him to a two-level reduction for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a). The government further agrees that because the defendant has timely notified the government of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, the defendant should be entitled to receive a third-level reduction for "super acceptance" of responsibility pursuant

5

to U.S.S.G. § 3E1.1(b) if her total offense level is 16 or greater; and

(iii) The defendant understands that notwithstanding its present intentions, and still within the agreement, the government reserves the rights (1) to argue that the defendant has not accepted responsibility and has obstructed justice in the event of receipt of new information relating to those issues, and (2) to call and examine witnesses on those issues in the event that either the probation office finds to the contrary of the government's intentions or the court requests that evidence be presented on that issue.

11. The parties agree that notwithstanding the parties' agreement herein, the Court is not bound by any stipulation entered into by the parties but may, with the aid of the presentence report, determine the facts relevant to sentencing. The parties further agree that any sentence within the sentencing range is "reasonable" within the meaning of the Supreme Court's recent decision in United States v. Booker, 125 S. Ct. 738 (2005).

12. Pursuant to Section 6B1.4 of the Sentencing Guidelines, the parties identify the following facts that are in dispute for the purpose of sentencing of Defendant in connection with this matter: none.

13.   The defendant is aware that she has the right to appeal the sentence imposed under Title 18, United States Code, Section 3742(a).  The defendant knowingly waives the right to appeal, except as indicated in subparagraph (b) below, any sentence within the maximum provided in the statute(s) of conviction or the manner in which that sentence was determined on any of the grounds set forth in Section 3742, or on any ground whatever, in exchange for the concessions made by the prosecution in this plea agreement.

(a)   The defendant also waives her right to challenge her sentence or the manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255, except that defendant may make such a challenge (1) as indicated in subparagraph "b" below, or (2) based on a claim of ineffective assistance of counsel.

(b)   If the Court imposes a sentence greater than specified in the guideline range determined by the Court to be applicable to the defendant, the defendant retains the right to appeal the portion of her sentence greater than specified in that guideline range and the manner in which that portion was determined under Section 3742 and to challenge that portion of her sentence in a collateral attack.

(c) The prosecution retains its right to appeal the sentence and the manner in which it was determined on any of the grounds stated in Title 18, United States Code, Section 3742(b).

14. The defendant understands that the District Court in imposing sentence will consider the provisions of the Sentencing Guidelines. The defendant agrees that there is no promise or guarantee of the applicability or nonapplicability of any Guideline or any portion thereof, notwithstanding any representations or predictions from any source.

15. The defendant understands that pursuant to Guideline 6B1.1(c), this agreement cannot be accepted or rejected by the Court until there has been an opportunity by the Court to consider a presentence report, unless the Court decides that a presentence report is unnecessary pursuant to Guideline 6A1.1. The defendant understands that the Court will not accept an agreement unless the Court determines that the remaining charges adequately reflect the seriousness of the actual offense behavior and accepting the agreement will not undermine the statutory purposes of sentencing.

16. The defendant understands that by pleading guilty she surrenders certain rights, including the following:

(a) If the defendant persisted in a plea of not guilty to the charges against her she would have the right to a

public and speedy trial. The trial could be either a jury trial or a trial by a judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the prosecution and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. The defendant and her attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt.

(c) If the trial is held by a judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he or she was persuaded of the defendant's guilt beyond a reasonable doubt.

(d) At a trial, the prosecution would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those

prosecution witnesses and her attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on her own behalf. If the witnesses for the defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

    (e) At a trial, the defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.

    17. The defendant understands that by pleading guilty, she is voluntarily, knowingly, and intelligently waiving all of the rights set forth in the preceding paragraph. In addition, by pleading guilty and withdrawing her pretrial motions, the defendant is voluntarily, knowingly, and intelligently waiving any issue or argument raised in those pretrial motions. The defendant's attorney has explained those rights to her, and the consequences of the waiver of those rights.

    18. The defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreement reached, other than those set forth in this Agreement, to induce the defendant to plead guilty.

    19. Should the Court refuse to accept this agreement, it is null and void and neither party shall be bound thereto. The parties understand that the Court's rejection of any

stipulation between the parties does not constitute a refusal to accept this agreement since the Court is expressly not bound by stipulations between the parties.

20. In the event that the Defendant does not breach any of the terms of this Agreement but the Court nonetheless refuses to accept the Agreement after the defendant has made statements to law enforcement authorities or representatives of the United States Attorney's Office pursuant to this Agreement, the prosecution agrees not to use said statements in its case in chief in the trial of the defendant in this matter. The defendant understands that this does not bar the use of information and evidence derived from said statements or prohibit the use of the statements by the prosecution in cross-examination or rebuttal.

21. The defendant further agrees to be bound by this Memorandum of Plea Agreement and <u>not</u> to seek a withdrawal of the guilty plea that she intends to enter or to withdraw from this Memorandum of Plea Agreement.

22. If, after signing this Memorandum of Plea Agreement, the defendant nonetheless decides not to plead guilty as provided herein, or if the defendant pleads guilty but subsequently makes a motion before the Court to withdraw from the Plea Agreement and the Court grants that motion, the defendant agrees that any statements that she makes to law enforcement

agents or to the United States Attorney's Office for the District of Hawaii may be used against her in any trial brought against the defendant. The defendant further agrees that any admission of guilt that she makes by signing this Plea Agreement or that she makes while pleading guilty as set forth in this agreement may be used against her in a subsequent trial if the defendant later proceeds to trial. The defendant voluntarily, knowingly, and intelligently waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence regarding the use of statements made in this Plea Agreement or during the course of pleading guilty when the guilty plea is later withdrawn.

23. The defendant understands that the prosecution will apprise the Court and the United States Probation Office of the nature, scope and extent of the defendant's conduct regarding the charges against her, related matters, and any matters in aggravation or mitigation relevant to the issues for sentencing.

DATED: Honolulu, Hawaii, _____.

AGREED:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

RONALD G. JOHNSON
Violent Crimes Section Chief

MARSHALL H. SILVERBERG
Assistant U.S. Attorney

ANNETTE CARILLO
Defendant

BARRY EDWARDS, Esq.
Attorney for Defendant
ANNETTE CARRILLO