IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ANNETTE CARRILLO,       )<br>                         )<br>            Movant,        )<br>                         )<br>       vs.              )<br>                         )<br>UNITED STATES OF AMERICA,)<br>                         )<br>            Respondent.   )<br>                         )<br>                         )<br>_____) | CIVIL NO. 06-00200 HG-KSC<br>CRIM. NO. 05-00064 HG-01<br><br>**ORDER DENYING MOTION TO VACATE SENTENCE IN WANT OF JURISDICTION PER MODEL FORM FOR MOTIONS UNDER 28 U.S.C. § 2255** |

**ORDER DENYING MOTION TO VACATE SENTENCE IN WANT OF JURISDICTION PER MODEL FORM FOR MOTIONS UNDER 28 U.S.C. § 2255**

Movant Annette Carrillo ("Carrillo") pled guilty, pursuant to a plea agreement, to one count of knowingly and intentionally distributing methamphetamine in violation of Title 21, United States Code, Section 841(a)(1).

On September 6, 2005, the Court sentenced Carrillo to 37 months imprisonment and three years supervised release.

On April 14, 2006, Movant Annette Carrillo ("Carrillo") filed a "Motion to Vacate Sentence in Want of Jurisdiction Per Model Form for Motions Under 28 U.S.C. § 2255", alleging four grounds for relief.

For the reasons that follow, the Court concludes that Carrillo is not entitled to habeas relief on any of the grounds set forth in her petition.

**BACKGROUND AND PROCEDURAL HISTORY**

On February 9, 2005, Carrillo was indicted in Criminal Number 05-00064 for three counts of distributing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

On April 25, 2005, Carrillo entered a plea of guilty to Count 1 of the Indictment, charging her with knowingly and intentionally distributing methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).  Carrillo pled guilty pursuant to a Memorandum of Plea Agreement, filed April 7, 2005 ("Plea Agreement".)

On September 6, 2005, the Court sentenced Carrillo to 37 months imprisonment and three years supervised release as to Count 1 of the Indictment.  On the United States' motion, the Court dismissed Counts 2 and 3 of the Indictment.

On September 19, 2005, the Court entered final judgment.

On April 14, 2006, Petitioner Annette Carrillo ("Carrillo") filed a "Motion to Vacate Sentence in Want of  Jurisdiction Per Model Form for Motions Under 28 U.S.C. § 2255."  ("Petition", Doc. 65.)

On May 10, 2006, the United States filed a "Memorandum in Opposition to the Motion to Vacate Sentence in Want of Jurisdiction Per Model Form for Motions Under 28 U.S.C. § 2255".

("Response", Doc. 67.)

## STANDARD OF REVIEW

28 U.S.C. § 2255 ("Section 2255") permits a prisoner in custody, under sentence of a court, claiming the right to be released on the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, to move the court which imposed the sentence to vacate, set aside, or correct the sentence.  28 U.S.C. § 2255.

Under Section 2255, a court shall hold an evidentiary hearing on a prisoner's Section 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255. A court need not hold an evidentiary hearing on a prisoner's § 2255 petition where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal.  Shah v. United States, 878 F.2d 1156, 1158 (9th Cir.), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985).  "Merely conclusory statements in a § 2255 motion are not enough to require a hearing."  United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

**ANALYSIS**

In her Plea Agreement, Carrillo acknowledged that she had read the Indictment and understood the charges against her. (Plea Agreement ¶¶ 1-4.)  Carrillo entered a plea of guilty as to Count 1 of the Indictment charging her with knowingly and intentionally distributing methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance, on or about April 7, 2004, in the District of Hawaii, all in violation of Title 21, United States Code, Section 841(a)(1). (Plea Agreement at ¶ 4.)  After a plea colloquy, the Court accepted Carrillo's plea of guilty.

Carrillo's Petition alleges four grounds for relief:

(1)  The Court does not have subject matter, or in personam, jurisdiction over Carrillo;

(2)  The United States failed to provide discovery or place the original charging Indictment into evidence;

(3)  The United States is unlawfully detaining Carrillo without a warrant of commitment or detainer; and

(4)  The Indictment is founded on allegations and the United States has no evidence of record to prove its claim.

None of Carrillo's alleged grounds for relief has any merit.

**I.   The Court Has Jurisdiction Over Carrillo**

The Court has jurisdiction over Carrillo under 18 U.S.C. § 3231.  Section 3231 provides:

> The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States.

18 U.S.C. § 3231.

The Indictment charged Carrillo with violations of Title 21, United States Code, Section 841(a)(1) which is a law of the United States. In the Plea Agreement, Carrillo acknowledged that she was charged with three counts of violating this law. The Court had jurisdiction over Carrillo. <u>See</u> e.g., <u>United States v. Holler</u>, 411 F.3d 1061, 1064-65 (9th Cir. 2005) (federal court had jurisdiction over defendant arrested in the United States and charged with violating 21 U.S.C. § 841(a)(1)).

**II. There Is No Evidence That the United States Failed to Provide Discovery**

Carrillo claims that the "U.S. has refused to provide discovery of its claim(s) i.e. the charging document" and that "suit cannot be maintained without the original charging document placed into evidence."

The basis for Carrillo's argument is unclear on the face of her Petition and Carrillo has not presented any evidence in support of this argument. This argument is without merit. In her Plea Agreement, Carrillo expressly acknowledged that she had "read the charges against her contained in the Indictment, and those charges have been fully explained to her by her attorney." (Response at Exhibit 1, ¶ 2 ("Plea Agreement".) The United States filed the Indictment against Carrillo in this case on February 9, 2005. There is no evidence that the United States withheld discovery. The United States has presented evidence that it sent

5

the Indictment, police reports and other records to Carrillo's counsel pursuant to Fed. R. Crim. P. 16.  (Response at Exhibit 2.)  Because there is no evidence that the United States failed to provide discovery or a copy of the Indictment to Carrillo, this argument fails.

### III. Carrillo Has Been Properly Incarcerated Pursuant to the Judgment

Carrillo claims that the United States failed to provide a warrant of commitment/detainer to justify her incarceration.  No such warrant was necessary in this case.  Carrillo was not in state custody at the time of her federal prosecution.  See 18 U.S.C. app. 2 § 2.  Pursuant to the Judgment issued by the Court, Carrillo was allowed to self-surrender to serve her sentence.

### IV. The United States Filed the Indictment With the Court and Carrillo Voluntarily Entered Into a Plea of Guilty

Carrillo claims that "[w]ithout the charging document, the U.S. has no evidence of record to prove its claim."  The basis for Carrillo's claim is unclear.  The United States filed the Indictment with the Court.  Carrillo entered into a Plea Agreement and the Court accepted her guilty plea as to Count 1 of the Indictment.  In the Plea Agreement, Carrillo specifically acknowledged that she had received a copy of the Indictment and that she had read and understood the charges.  This ground is without merit.

### V. The Court Need Not Hold an Evidentiary Hearing

The Court further finds that Carrillo's Petition is suitable for disposition without a hearing.  The law is clear that Carrillo is not entitled to habeas relief on the claims contained in her Petition.  Carrillo's motion, the United States' response, the case file, and records of the case conclusively show that Petitioner is not entitled to habeas relief on the grounds she alleges.  See 28 U.S.C. § 2255.  The Court will not hold an evidentiary hearing on Carrillo's Petition.  See Shah, 878 F.2d at 1158; Schaflander, 743 F.2d at 717.

## CONCLUSION

For the foregoing reasons,

(1) Petitioner Annette Carrillo's "Motion to Vacate Sentence in Want of Jurisdiction Per Model Form for Motions Under 28 U.S.C. § 2255" (Doc. 65) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 24, 2006.



/s/ Helen Gillmor
Chief United States District Judge

___

ANNETTE CARRILLO v. UNITED STATES OF AMERICA; Civ. No. 06-00200 HG-KSC; Crim. No. 05-00064 HG-01; **ORDER DENYING MOTION TO VACATE SENTENCE IN WANT OF JURISDICTION PER MODEL FORM FOR MOTIONS UNDER 28 U.S.C. § 2255**